UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CITY OF ILWACO, a Washington Municipal Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFFILIATED FM INSURANCE COMPANY, a Rhode Island Corporation,<br><br>    Defendant. | Case No. C09-5304 FDB<br><br>ORDER GRANTING AFFILIATED INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Affiliated FM Insurance Company's motion for partial judgment on the pleadings dismissing all insurance contract based claims asserted by Plaintiff City of Ilwaco. Affiliated FM asserts that the City failed to comply with the insurance policy's two year suit limitation condition and thus all claims for further benefits under the policy are precluded. The City counters that there is a genuine issue of material fact as to whether equitable estoppel precludes Affiliated FM from enforcing the two-year limitations period.

The Court, having reviewed the pleadings and the file and records herein, is fully informed and for the reasons stated below, finds that Affiliated FM is entitled to partial summary judgment dismissing the City's claims for benefits under the insurance contract.

ORDER - 1

**Introduction and Background**

On November 30, 2006, a fire destroyed the City of Ilwaco's fire station. At the time of the fire, the City was insured under an "all risks" property insurance policy issued by Affiliated FM to the Association of Washington Cities Risk Management Service Agency (AWC Risk Management), of which the City of Ilwaco was a member. Immediately after the fire, the City made a claim for losses resulting from the fire, including damage to the fire station building, damage to contents, and business interruption. The City's losses were covered under the policy subject to the terms and conditions of the policy. Without delay, Affiliated FM undertook adjustment of the loss and worked with the City and AWC Risk Management to determine the amounts payable to the City under the policy of insurance. Affiliated FM made various payments to the City for covered losses.

On October 9, 2007, there was a meeting between representatives of the Affiliated FM, the City and AWC Risk management to concerning insurance payments.

In November of 2007, AWC Risk Management requested the City prepare a request for payments under the policy coverage for code upgrades. After completion of the report, members of the City, AWC Risk Management and Affiliated met to discuss the document.

On March 31, 2008, Affiliated made its final payment to the City for covered losses incurred as a result of the fire. The amount paid for the fire related losses totaled approximately $2,141,000.00.

Subsequent to this payment, the City communicated to Affiliated FM and AWC Risk Management that it believed the City was entitled to further payments associated with replacement of the fire station, including additional monies for code upgrades to the building. In late March, the Ilwaco City Attorney discussed this matter with the Executive Director of AWC, Stan Finkelstein. On April 16, 2008, Mr. Finkelstein wrote to Doug Hubbard, the Mayor of Ilwaco, stating that the City would need to substantiate the request with appropriate documentation. Mr. Finkelstein

ORDER - 2

1 indicated AWC was available for further discussion.  Documentation was sent to AWC on August
2 15, 2008.

3 On August 26, 2008, the adjuster for Affiliated FM, Joseph Kearney wrote to AWC Risk
4 management asking for the City to forward the documentation to Affiliated FM.  On December 9,
5 2008, the City sent the documentation to Affiliated FM.  No response was forthcoming from either
6 Affiliated FM or AWC Risk Management.

7 On April 17, 2009, the City commenced this lawsuit in Pacific County Superior Court for
8 breach of the insurance contract and violation of the Washington Consumer Protection Act.
9 Affiliated FM removed the action to this court on the basis of diversity.

10 Affiliated FM filed the present motion for partial judgment seeking dismissal of the contract
11 claims on the basis of the policy's limitation period for commencing suit.  This provision provides
12 that "No suit, action, or proceeding for recovery of any claim under this policy, will be sustainable
13 in any court of law or equity unless: (a) The insured has fully complied with all terms and
14 conditions of the policy; and (b) Such suit, action or proceeding is initiated within two years after
15 the date on which the direct physical loss or damage first commenced or occurred."  The City
16 sustained its loss on November 30, 2006.  Thus, the two year period for filing a suit for recovery
17 under the policy expired on November 30, 2008.  In response to the motion, the City asserts the
18 Affiliated FM, "and its agent, the Association of Washington Cities [AWC Risk Management], is
19 estopped from enforcing the statute of limitations."

## Summary Judgment

A party may move for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure after the pleadings are closed.  Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.  <u>Hal Roach Studios, Inc. v. Richard</u>

ORDER - 3

Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990). In deciding the motion, courts normally limit their review to the pleadings themselves, and if matters outside the pleadings are presented to and not excluded by the court, the motion is as treated as one for summary judgment, with reasonable opportunity to present pertinent material afforded to each party. Fed. R. Civ. P. 12(d).

Defendant City of Ilwaco has filed affidavits in response to Affiliated FM's motion on the pleadings and request the Court to consider the motion as a motion for partial summary judgment. The Court will convert his motion into one for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The materiality of a fact is determined by the substantive law on the issue. T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The authenticity of a dispute is determined by whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id., at 324. Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Anderson, at 248. All reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Elec., at 630.

ORDER - 4

**Equitable Estoppel**

In limited circumstances, an insurer may be equitably estopped by its conduct from denying coverage to its insured if the insured justifiably relies on such conduct. Isaacson v. DeMartin Agency, Inc., 77 Wn.App 875, 880, 893 P.2d 1123 (1995). The doctrine of equitable estoppel precludes an insurance company from asserting a right where it would be inequitable to permit the assertion. Buchanan v. Switz. Gen. Ins. Co., 76 Wn.2d 100, 108, 455 P.2d 344 (1969). "It arises by operation of law, and rests upon acts, statements or conduct on the part of the insurer or its agents which lead or induce the insured, in justifiable reliance thereupon, to act or forbear to act to his prejudice." Buchanan, at 108.

Washington courts do not favor equitable estoppel, and a party asserting it must prove each of its elements by clear, cogent, and convincing evidence. Teller v. APM Terminals Pacific, Ltd., 134 Wn.App. 696, 712, 142 P.3d 179 (2006). The elements of equitable estoppel are: (1) an admission, statement, or act inconsistent with a claim afterward asserted; (2) an action by another in reasonable reliance on that act, statement, or admission; and (3) injury to the party who relied if the court allows the first party to contradict or repudiate the prior act, statement, or admission. Id.

Estoppel is appropriate to prohibit a defendant from raising a statute of limitations defense when a defendant has fraudulently or inequitably invited a plaintiff to delay commencing suit until the applicable statute of limitations has expired. Teller, at 712-13; Peterson v. Groves, 111 Wn.App. 306, 310-11, 44 P.3d 894 (2002). "The gravamen of equitable estoppel with respect to the statute of limitations is that the defendant made representations or promises to perform which lulled the plaintiff into delaying timely action." Teller, at 713; Groves, at 311.

The party charged with estoppel must be the one who made the statement upon which the plaintiff was alleged to have relied. Lilly v. Lynch, 88 Wn.App. 306, 319, 945 P.2d 727 (1997).

The City makes the argument that Affiliated is estopped from raising the limitations period

ORDER - 5

through the representations of AWC Risk Management.  Contrary to the assertion that AWC is an agent of Affiliated, the Association of Washington Cities is a named insured on the policy and the City of Ilwaco is a member of AWC.  The City may not establish estoppel against Affiliated FM through the representations or conduct of AWC Risk Management.

The City may be correct in contending that Affiliated FM encouraged them to provide additional information related to the costs of compliance with code upgrades.  Affiliated FM may have even indicated a readiness to review any additional information supplied by the City.  But there is no evidence that the doctrine of equitable estoppel should preclude Affiliated from asserting the limitations of action provision.  Affiliated made final payment on March 31, 2008, and there exist no evidence that the acts of Affiliated led the City to refrain from commencing suit during the remaining eight months prior to expiration of the two-year deadline for filing suit on the contract.  The City has not identified any facts or authority that would support application of equitable estoppel under the present circumstances.

No reasonable trier of fact could conclude that the doctrine of equitable estoppel precluded the City of Ilwaco from asserting that Affiliated FM breached a provision of the policy. Thus, whether equitable estoppel applies in this case is not a factual question for the trier of fact, but is a legal question for the court. See Colonial Imps. v. Carlton Nw., 121 Wn.2d 726, 737, 853 P.2d 913 (1993). The Court concludes , as a matter of law, that the doctrine of equitable estoppel does not apply in this case.  Defendant Affiliated FM is entitled to partial summary judgment dismissing the City of Ilwaco's contract claims.

**Conclusion**

For the above stated reasons, Defendant Affiliated FM is entitled to summary judgment dismissing the City of Ilwaco's contract claims.

ORDER - 6

ACCORDINGLY;

IT IS ORDERED:

Affiliated FM Insurance Company's Motion For Partial Judgment on the Pleadings [Dkt. # 6] is considered as a motion for partial summary and the motion is **GRANTED**. All contract based claims are dismissed with prejudice as barred by the two-year limitation period of the policy.

DATED this 10th day of August, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 7